**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| CHRISTOPHER DALE FLETCHER,     ) | |
| ) | No. 0:12-cv-02888-DCN |
| Claimant,    ) | |
| ) | |
| vs.    ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting*   ) | |
| *Commissioner of Social Security,*   ) | |
| ) | |
| Respondent.    ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's report and recommendation ("R&R") that the court reverse and remand the Commissioner of Social Security's decision to deny claimant Christopher Dale Fletcher's ("Fletcher") application for disability insurance benefits ("DIB"). The Commissioner has filed objections to the R&R and Fletcher filed a reply to those objections. For the reasons set forth below, the court adopts the R&R, reverses the Commissioner's decision, and remands the case for further proceedings.

## I.   BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.  Procedural History

Fletcher filed an application for DIB in August 2008, alleging that he had been disabled since February 13, 2008. The Social Security Administration ("the Agency") denied Fletcher's application both initially and on reconsideration. Fletcher requested a hearing before an administrative law judge ("ALJ") and ALJ Ivar E. Avots presided over a hearing held on December 1, 2010. Tr. 27. In a decision issued on February 11, 2011,

1

the ALJ determined that Fletcher was not disabled. This decision became the final decision of the Commissioner when the Appeals Council denied further review on August 14, 2012.

Fletcher filed this action for judicial review on October 5, 2012. On April 29, 2013, he filed a brief requesting that the Commissioner's decision be reversed and the case remanded to the Agency for further consideration. On June 13, 2013, the Commissioner filed a brief contending that her decision should be upheld. On February 11, 2014, the magistrate judge issued the R&R, recommending that the Commissioner's decision be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner objected to portions of the R&R on February 28, 2014 and Fletcher replied to those objections on March 17, 2014. This matter has been fully briefed and is now ripe for the court's review.

### B. Fletcher's Medical History

Because a comprehensive description of Fletcher's medical history is not particularly helpful to the resolution of this case, the court here recites only a few relevant facts. Fletcher was thirty-eight years old on his alleged disability onset date. He has a high school education and past relevant work experience as a fork-lift operator, grocery store frozen food manager, ingredient handler, lead technician for underground storage tank testing, and machine operator. He is a veteran of the United States Navy.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.  The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.  Under this process, the ALJ must determine whether the claimant:  (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

   To determine whether Fletcher was disabled from February 13, 2008, through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process.  At step one, the ALJ found that Fletcher did not engage in substantial gainful activity during the period at issue.  Tr. 14.  At step two, the ALJ found that Fletcher suffered from the following severe impairments:  obesity, cervical and lumbar degenerative disc disease, degenerative joint disease of the hips, status post bilateral shoulder surgery, and depresssion.  Id.  At step three, the ALJ found that Fletcher's

impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments.  Id.  Before reaching the fourth step, the ALJ determined that Fletcher retained the residual functional capacity ("RFC") to perform a sedentary work with the several restrictions.  Tr. 14-15.  Specifically, the ALJ limited Fletcher to "frequent pushing/pulling with the left lower extremity, occasional climbing of ramps/stairs, occasional stooping and crawling, frequent balancing, kneeling, and crouching, and occasional overhead reaching bilaterally."  Tr. 15.  The ALJ further determined that Fletcher "must never climb ladders, ropes or scaffolds and he must avoid concentrated exposure to unprotected heights and hazardous machinery," and that he is can conduct "simple, repetitive tasks at level 3 reasoning per the [Dictionary of Occupational Titles] for 2-hour periods in an 8-hour day and interact appropriately with co-workers and supervisors in a stable routine setting . . . [with] occasional public interation ."  Id.  At step four, the ALJ found that Fletcher was unable to perform any of his past relevant work.  Tr. 18.  Finally, at the fifth step, the ALJ found that Fletcher could perform jobs existing in significant numbers in the national economy and concluded, therefore, that he was not disabled during the period at issue.  Tr. 19.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id.  The recommendation of the magistrate judge carries no presumptive weight, and the

responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.   DISCUSSION

Fletcher initially argued that the Commissioner's decision must be reversed because: (i) the ALJ improperly considered the opinions of Fletcher's treating physicians; and (ii) the ALJ improperly assessed Fletcher's combination of impairments. In the R&R, the magistrate judge determined that the ALJ committed reversible error with respect to his consideration of the opinions of Drs. Leonard Schutz, Cavert McCorkle, and Randall Moss. Because the magistrate judge recommended remand with respect to Fletcher's first argument, she did not consider his second. The Commissioner objects to the magistrate judge's findings, arguing that the ALJ's findings were supported by substantial evidence.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence. 20 C.F.R. § 404.1527(c) (2012). Medical opinions are evaluated pursuant to the following non-

exclusive list: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). In general, more weight is given to the opinion of a "source who has examined [a claimant] than to the opinion of a source who has not," 20 C.F.R. § 404.1527(c)(1), but "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ must also give specific reasons for the weight given to a treating physician's medical opinion. See SSR 96-2p, 1996 WL 374188 (July 2, 1996).

As the magistrate judge explained, the ALJ first erred by rejecting outright the opinions of treating physicians Drs. Schutz, McCorkle, and Moss. See Tr. 17 ("I reject the opinions provided by Dr. Schutz, Dr. McCorkle, and Dr. Moss."). As the Agency's own regulations state,

> [A] finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected.

SSR 96-2P (S.S.A. July 2, 1996). To the extent that he rejected these physicians' opinions in their entirety, the ALJ parted ways with Agency regulations.

Second, the ALJ erred by discounting the medical opinions of Drs. Schutz, McCorkle, and Moss on the basis that "[t]heir opinions are overly sympathetic to the claimant." Tr. 17. The ALJ marshalled no evidence in support of this assertion. Indeed, there is no evidence in the record to reasonably conclude that these three physicians'

6

opinions were based on anything other than their professional judgments regarding Fletcher's physical limitations. In short, sympathy does not provide a valid reason for the ALJ to discount the opinions of Drs. Schutz, McCorkle, and Moss. See Foxman v. Barnhart, 157 F. App'x 344, 347 (2d Cir. 2005) (holding that where there is no evidence to show that sympathy informed a doctor's opinion, the ALJ's conclusion that the doctor may have been swayed by sympathy was contrary to the treating physician rule).

Third, the court cannot find that substantial evidence supports the ALJ's statement that these three physicians' opinions "are not consistent with the clinical evidence or their treatment notes." Tr. 17. The ALJ stated, "The objective clinical and physical findings do not support the manipulative limitations indicated or the need for elevation of the legs during the day. There is no indication that these physicians have recommended elevation of the legs to the claimant." Id. As the magistrate judge aptly explained, the ALJ's brief analysis ignores the significant medical evidence that supports the treating physicians' opinions that Fletcher suffers manipulative limitations due to arthritis and carpal tunnel syndrome, as well as significant leg pain due – at least in part – to his degenerative lumbar spine disease. Without further discussion of why these treating physicians' opinions are inconsistent with the balance of the record, the court cannot say that the ALJ's opinion is supported by substantial evidence. See Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977) ("Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record.").

The ALJ's final reason for discounting the opinions of Drs. Schutz, McCorkle, and Moss relates more closely to his analysis of Fletcher's credibility. Tr. 17 ("Moreover, the severity of pain indicated is not supported by the medical evidence or the claimant's testimony indicating that he only takes over-the-counter pain medication.").[1] In his initial brief, Fletcher asserted that the ALJ erred by improperly assessing Fletcher's credibility. Because the ALJ's assessment of the treating physicians' opinions warrants remand, the court need not also assess his credibility findings. On remand, however, the ALJ should consider the parties' arguments on this point.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 18, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 26, 2014**
**Charleston, South Carolina**

---

[1] The ALJ's summary of Fletcher's testimony is less than perfectly accurate. It implies that Fletcher takes only non-prescription pain medication because his pain is non-severe. However, at the hearing, Fletcher testified that

> [T]he pain medicines they usually put me on puts me to sleep. That's why I don't like taking them. . . . I don't like not knowing what's going on around me. . . . The only time I take [the hydrocodone] it's when I'm in tears, more or less, and I can't take the pain no more.

Tr. 51.